BANCO DE PUERTO RICO, DEMANDANTE Y APELANTE, *v.* EREÑO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre cobro de cantidad de dinero, intereses, costas y honorarios de abogado.

No. 1169.—Resuelto en abril 29, 1915.

HONORARIOS DE ABOGADO—SENTENCIA EN REBELDÍA.—Para .que el convenio sobre el pago de honorarios de abogado pueda hacerse efectivo mediante una sentencia registrada por el secretario sin necesidad de juicio, es necesario que la cantidad reclamada esté determinada por convenio entre las partes, pero cuando no ocurrre esto es necesario que el tribunal determine la cuantía de esa obligación.

ID.—CANTIDAD INDETERMINADA.—La obligación de pagar honorarios sin haberse determinado la cantidad admite solamente el pago de los que son razonables.

ID.—CANTIDAD DETERMINADA EN LA DEMANDA—FACULTAD DEL TRIBUNAL SENTENCIADOR.—El hecho de que el demandante haya determinado arbitrariamente la cantidad en la demanda para el pago de honorarios y que ella se haya hecho constar en la citación, no es bastante para convertir en líquida la cantidad que no lo es, ni para privar al tribunal de su facultad de determinar cuál es la cantidad razonable debida por honorarios.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Sarmiento.*

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Don Carlos Ereño y Don José A. Canales fueron demandados por el Banco de Puerto Rico en liquidación, por medio de abogado ante el Tribunal de Distrito de San Juan, Sección Primera, para que le pagasen solidariamente la cantidad de $500 como resto de una obligación escrita que por $650 suscribieron a su favor, inserta en la demanda y por la cual se comprometieron a pagar también los intereses en caso de mora y las costas y gastos que el cobro de aquella suma ocasione incluso los honorarios del abogado de que el banco se valga en su reclamación.

En la demanda se alega entre otras cosas "que el tribunal fijase la cuantía de los honorarios del abogado en el caso de que se celebrara juicio y la sentencia fuera favorable al demandante y, para el caso de que se registrara sentencia en rebeldía los fijó el "demandante en $75 y en otra cantidad igual para su apelación." En la cédula librada para la citación y emplazamiento de los demandados se hizo constar el apercibimiento de que si no comparecían a contestar la demanda, el demandante podrá conseguir sentencia por la cantidad reclamada, sus intereses y las costas y gastos, así como $75 por honorarios del abogado del demandante en aquella instancia y otra cantidad igual en su apelación.

No habiendo sido contestada la demanda, el secretario del tribunal registró sentencia en rebeldía de los demandados, la

que no comprendió la condena de pagar honorarios de abogado, e interpuesto recurso de apelación por el demandante, lo funda únicamente en que la sentencia debía comprender también la condena de pagar los honorarios del abogado.

La ley de 12 de marzo de 1908 dispone que en los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la cosa litigiosa excede de $500, tendrá ésta derecho a que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios; condena que el juez discrecionalmente impondrá teniendo en cuenta el grado de culpabilidad, si la hubiere, de la parte condenada por la sentencia, condena que no es procedente cuando el demandado no haya comparecido en el pleito o procedimiento.

La condena de pagar honorarios de abogado en esos casos nace de la obligación impuesta por la ley, pero como los contratos son la ley suprema entre las partes siempre que sus pactos no sean contrarios a la ley, a la moral, ni al orden público, entendemos que si las partes han convenido el pago de honorarios de abogado para caso de reclamación judicial, el contrato debe cumplirse. El convenio de pagar honorarios de abogado cuando hay necesidad de utilizar sus servicios en los tribunales para hacer cumplir una obligación es tan lícito que la misma ley lo ha impuesto para casos determinados.

Para que este convenio pueda hacerse efectivo mediante una sentencia registrada por el secretario sin necesidad de juicio, es necesario que la cantidad reclamada esté determinada por convenio entre las partes, ya especificando la que por ellos ha de pagarse, ya de alguna otra manera que mediante una simple operación aritmética permita conocer la suma que ha de ser pagada, como cuando se estipula un tanto por ciento de la reclamación que se haga; pero cuando no ocurre esto, es necesario que el tribunal determine el importe de esa obligación de pagar honorarios, ya que siendo ilíquida la obligación la rebeldía admite el derecho a pagarla, pero

no la cantidad a que se tiene derecho.   23 Cyc., 753.   La obligación de pagar honorarios sin haberse determinado la cantidad admite solamente el pago de los que son razonables. 20 Am. Ap. Cas., 1730–1734.

El hecho de que el demandante haya determinado arbitrariamente la cantidad en la demanda y que ella se haya hecho constar en la citación no es bastante para convertir en líquida la cantidad que no lo es ni para privar al tribunal de su facultad de determinar cuál es la cantidad razonable debida por honorarios.

Por las anteriores consideraciones la sentencia registrada por el secretario del tribunal inferior debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández no intervino.